

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fernando Moreno Orama y Jorge Farinacci Fernós<br><br>  Demandantes-Recurridos<br><br>v.<br><br>José R. De La Torre, Presidente de la Universidad de Puerto Rico; Universidad de Puerto Rico; José Figueroa Sancha, Superintendente de la Policía de Puerto Rico; Ana R. Guadalupe, Rectora Interina del Recinto de Río Piedras; Kenneth McClintock Hernández, Secretario de Estado<br><br>  Demandados-Peticionarios | Certificación<br><br>2010 TSPR 70<br><br>DPR 178 |

Número del Caso: CT-2010-3


Fecha: 10 de mayo de 2010


Abogados de la Parte Peticionaria:

>           Lcdo. Oreste R. Ramos
>           Lcda. Maritere Colón Domínguez
>           Lcdo. Anthony Guadalupe Baerga

Parte Recurrida:

>           Sr.. Fernando Moreno Orama
>           Sr. Jorge Farinacci Fernós


Materia: Certificación


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correccione s del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónic a se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Fernando Moreno Orama y Jorge Farinacci Fernós<br><br>Recurridos<br><br>v.<br><br>José R. de la Torre, Presidente de la Universidad de Puerto Rico; Universidad de Puerto Rico; José Figueroa Sancha, Superintendente de la Policía de Puerto Rico; Policía de Puerto Rico; Ana R. Guadalupe, Rectora Interina del Recinto de Río Piedras; Kenneth McClintock Hernández, Secretario de Estado<br><br>Peticionarios | CT-2010-003 | |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 10 de mayo de 2010.

En este recurso se nos solicita exclusivamente que revoquemos una orden de *injunction* preliminar que requiere que las autoridades de la universidad pública levanten un receso académico y administrativo en uno de sus recintos. En auxilio de nuestra jurisdicción, paralizamos los efectos de esa orden mientras considerábamos el caso. Sin embargo, las autoridades concluyeron el receso de todos modos. Por esa razón, concluimos que el caso es académico y ordenamos su desestimación.

I

El 21 de abril de 2010, los recurridos Fernando Moreno Orama y Jorge Farinacci Fernós, estudiantes del Recinto de Río Piedras de la Universidad de Puerto Rico (U.P.R.), acudieron al Tribunal de Primera Instancia, Sala de San Juan, y cuestionaron la determinación de la Rectora interina del recinto, Dra. Ana R. Guadalupe Quiñones, de decretar un receso académico y administrativo en el recinto. En la demanda, los estudiantes recurridos solicitaron un entredicho provisional inmediato, un *injunction* preliminar y una sentencia en la que se declarara inconstitucional y se dejara sin efecto el receso académico y administrativo que decretó la Rectora interina.

En sus determinaciones de hechos, el Tribunal de Primera Instancia dictaminó como hechos probados que: (1) el 13 de abril de 2010, se llevó a cabo una asamblea estudiantil en el Recinto de Río Piedras, en la cual se decidió hacer un "paro" de 48 horas durante los días 21 y 22 de abril de 2010; (2) el 21 de abril de 2010, un grupo de manifestantes, algunos con tubos, cadenas y candados, se dirigió a los portones del recinto, y varios agentes y estudiantes resultaron heridos; (3) el mismo día, los manifestantes cerraron el portón frente al Museo de la U.P.R.; (4) luego de varios incidentes violentos, la Policía de Puerto Rico limitó el acceso al interior del recinto por ese portón; y (5) ese mismo día, a eso de las 9:30 AM, la Rectora interina Guadalupe

Quiñones decretó un receso académico y administrativo indefinido, pues los eventos violentos ocurridos le llevaron a concluir que no podía controlar la situación.

El foro primario determinó que a pesar de estos sucesos, el receso académico y administrativo que decretó la Rectora interina era inválido pues no cumplió con los requisitos formales que exige el Reglamento Núm. 6479, mejor conocido como Reglamento General de la Universidad de Puerto Rico de 16 de febrero de 2002, según enmendado. Por consiguiente, el Tribunal de Primera Instancia emitió una orden de *injunction* preliminar en la que ordenó al Presidente de la U.P.R., Dr. José R. De La Torre, y a la Rectora Guadalupe Quiñones que cesaran de poner en vigor el receso académico y administrativo, y abrieran el recinto en o antes del lunes, 3 de mayo de 2010.

Inconformes con esta determinación, la U.P.R. acudió en recurso de certificación intrajurisdiccional a este Tribunal y solicitó que, en auxilio de nuestra jurisdicción, dejáramos sin efecto la orden de *injunction* preliminar. El 30 de abril de 2010, emitimos una resolución en la que expedimos el auto de certificación intrajurisdiccional y le dimos término a los recurridos para que comparecieran. Además, paralizamos los efectos de la orden de *injunction* preliminar.

El 3 de mayo de 2010, los estudiantes recurridos comparecieron ante este Tribunal. En lo pertinente,

solicitaron la desestimación del recurso por academicidad. Esta solicitud se fundamentó en que la Rectora Guadalupe Quinones "ha tornado académico (sic) la presente controversia" ya que aunque los efectos de la orden de *injunction* preliminar estaban paralizados, la Rectora informó que, de todos modos, el receso académico y administrativo terminaría el lunes, 3 de mayo de 2010. Moción urgente de desestimación por academicidad, pág. 2. Eso es, en esencia, lo mismo que el Tribunal de Primera Instancia había ordenado. Manifiestan los estudiantes recurridos, quienes a su vez son los demandantes de este pleito, que el receso administrativo "es el único objeto de la controversia en este caso". Ibíd. Por ello, no hay "controversia entre las partes en el caso de epígrafe"..., ya que "la misma Parte Peticionaria ha dejado sin efecto el receso que se ha impugnado en este pleito"... y "la Rectora *motu proprio* [ha] optado por reabrir el Recinto". Id., págs. 2-3.

Por su parte, la U.P.R. compareció y se opuso a la desestimación por academicidad. La U.P.R. acepta que el 30 de abril de 2010, la Rectora dejó sin efecto el receso académico y administrativo que provocó este litigio. Sin embargo, la U.P.R. sostiene que este Tribunal debe atender este asunto porque aunque el pleito es académico, aplica la excepción de recurrencia. No le asiste la razón.

II

Los tribunales existen para atender casos que sean justiciables, pues su deber es adjudicar controversias reales y vivas. Lozada Tirado *et al.* v. Testigos de Jehová, Op. de 27 de junio de 2010, 2010 T.S.P.R. 9, 2010 J.T.S. 11, 177 D.P.R. ___ (2010); E.L.A. v. Aguayo, 80 D.P.R. 552 (1958). El término "justiciabilidad" incluye criterios doctrinales que viabilizan la intervención oportuna de los tribunales, uno de los cuales es recogido en la doctrina de academicidad. Lozada Tirado *et al.* v. Testigos de Jehová, supra.

La doctrina de justiciabilidad no se da en el abstracto, pues persigue importantes objetivos. Entre éstos se encuentra no permitir la obtención de "un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia". E.L.A. v. Aguayo, supra, pág. 584, citando a Ex parte Steele, 162 Fed. 694 (N.D. Ala. 1908). Una controversia abstracta, ausente un perjuicio o amenaza real y vigente a los derechos de la parte que los reclama, no presenta el caso y controversia que la Constitución exige para que los tribunales puedan intervenir. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

La doctrina de academicidad da "vida al principio de justicibialidad". Crespo v. Cintrón, 159 D.P.R. 290,

298 (2003). El "propósito de esta doctrina es evitar el uso inadecuado de recursos judiciales y obviar precedentes innecesarios". P.N.P. v. Carrasquillo, 166 D.P.R. 70, 75 (2005). Esta doctrina tiene cuatro excepciones, a saber: "(1) cuando se presenta una controversia recurrente y capaz de evadir revisión judicial; (2) cuando la situación de hechos ha sido modificada por el demandado pero no tiene visos de permanencia; (3) cuando la controversia se ha tornado académica para el representante de una clase pero no para otros miembros de la clase; y (4) cuando persisten consecuencias colaterales que no se han tornado académicas". Id. pág. 76. Estas excepciones tienen que usarse con mesura, pues no se pueden obviar los límites constitucionales que inspiran la doctrina de academicidad.

La excepción de recurrencia permite en casos excepcionales revisar en sus méritos una controversia académica a base de tres criterios rectores: (1) probabilidad de recurrencia; (2) identidad de las partes involucradas en el posible pleito futuro; y (3) probabilidad de que la controversia evada revisión judicial. Lozada Tirado et al. v. Testigos de Jehová, supra.

Un tribunal tiene el "deber [de] desestimar un pleito académico". E.L.A. v. Aguayo, supra, pág. 562, citando a Little v. Bowers, 134 U.S. 547 (1889). No tiene discreción para negarse a hacerlo. De hecho, el

"tribunal puede ordenar la desestimación inmediata del recurso si comprueba que no existe una controversia real entre los litigantes". Id. "Como norma general, un caso debe desestimarse por académico cuando los hechos o el derecho aplicable ha[n] variado de tal forma que ya no existe una controversia vigente entre partes adversas". P.N.P. v. Carrasquillo, supra, pág. 75, citando a Com. de la Mujer v. Srio. de Justicia, 109 D.P.R. 715 (1980).

En nuestra Opinión en Berberena v. Echegoyen, 128 D.P.R. 864, 870 n. 2 (1991), resumimos la norma reafirmada recientemente por el Tribunal Supremo de los Estados Unidos en Alvarez v. Smith, 130 S.Ct. 576, 558 U.S. __ (2009). Allí se decidió que cuando las circunstancias (happenstance) tornan académico un caso y la situación no es el producto de un acuerdo (settlement), entonces "el decreto del tribunal de instancia queda anulado (vacated) y el caso se devuelve con órdenes de desestimar la demanda". Berberena v. Echegoyen, supra. Cuando un caso se torna académico, el tribunal revisor tiene el deber de no tan sólo desestimar el recurso apelativo sino también de dejar sin efecto el dictamen revisado y devolver el caso con instrucciones de que se desestime. Duke Power Co. v. Greenwood County, 299 U.S. 259, 267 (1936). Véanse, además, Alvarez v. Smith, supra; Alabama v. Davis, 446 U.S. 903 (1980); United States v. Munsingwear Corp., 340 U.S. 36 (1950). El propósito de esta norma es evitar que un dictamen que se tornó académico siga en vigor y

oblique a las partes. La desestimación deja el camino libre a la litigación futura de las disputas entre las partes y preserva sus derechos, sin perjudicar a ninguna de ellas por una decisión que era meramente preliminar. Alvarez v. Smith, supra, pág. 581, citando U.S. v. Munsingwear, Inc., 340 U.S. 36 (1950) ("*[W]e normally do vacate the lower court judgment in a moot case because doing so clears the path for future relitigation of the issues between the parties, preserving the rights of all parties, while prejudicing none by a decision which ... was only preliminary*".). Véase, R.L. Stern, E. Gressman, S.M. Shapiro, K.S. Geller, Supreme Court Practice, 7ma ed., Washington, D.C., The Bureau of National Affairs, Inc., 1993, Sec. 18.5, págs. 723-724.

III

El acto que sirvió de base para la demanda judicial de los recurridos fue eliminado por la Rectora copeticionaria. Los estudiantes recurridos intentaron invalidar el receso académico y administrativo decretado por la Rectora interina. Aunque ya no estaba en vigor la orden de *injunction* preliminar, de todos modos la Rectora interina levantó voluntariamente el receso académico y administrativo. Por ello, el pleito se ha tornado académico.

No aplica la excepción de recurrencia pues no contamos con fundamentos suficientes para determinar que esta controversia pueda repetirse y nada indica que pueda escapar revisión judicial. De hecho, la

controversia no escapó la revisión judicial. Fueron las propias actuaciones de la Rectora interina la causa por la cual se tornó académica la controversia objeto de este recurso. Más aún, nada impide que los estudiantes recurridos, o cualquier otra persona que se sienta perjudicada, impugne en los tribunales, por los mismos fundamentos, un receso académico y administrativo similar que se decretare en el futuro. Sin embargo, aventurarnos a asegurar que se va a decretar ese receso de nuevo sería adentrarnos en el campo de la especulación.

La U.P.R. sostiene que en otro caso ante el Tribunal de Primera Instancia se resolvió que "los manifestantes no podían impedir la entrada al recinto" y que "es muy probable, pues, que dada su naturaleza[,] casos como el presente no puedan ser resueltos por esta Curia oportunamente". Oposición a moción de desestimación por academicidad, pág. 4. Ese argumento pasa por alto que el caso ante nos no versa sobre ese otro asunto que la U.P.R. alega que planteó ante el foro primario en otro pleito que no está ante nuestra consideración.

La controversia en este recurso se circunscribe a determinar si el receso académico y administrativo fue válido. No están ante nuestra consideración las actuaciones de los manifestantes, que la U.P.R. alega que van dirigidas a impedir el acceso al recinto educativo. Repetimos, el único objeto de esta

controversia es el receso académico y administrativo que decretó la Rectora del Recinto de Río Piedras. Esta cuestión se tornó académica ya que sin que estuviera vigente orden alguna que se lo requiriera, la propia Rectora interina levantó el receso que había decretado.

Por otro lado, la U.P.R. sostiene que en San Gerónimo Caribe Project v. A.R.Pe., Op. de 31 de julio de 2008, 2008 T.S.P.R. 130, 2008 J.T.S. 150, 174 D.P.R. ___ (2008), resolvimos que una controversia no se convierte académica si la controversia cesa porque se paralizan temporeramente los efectos de la orden de cese y desista. Esta aseveración es correcta pero es totalmente distinta al caso que está ante nuestra consideración. Aquí, la Rectora interina dejó sin efecto el receso académico y administrativo sin visos de temporalidad. En ningún momento la U.P.R. argumenta que esta acción es provisional. La Rectora tampoco actuó compelida por un dictamen judicial, pues habíamos suspendido los efectos de la orden de *injunction* preliminar.

Debido a que esta controversia se ha tornado académica, no nos expresamos sobre la validez del receso académico y administrativo que decretó la Rectora interina Guadalupe Quiñones. De igual forma, rechazamos la invitación de las partes a que pasemos juicio sobre los límites de las facultades administrativas de la U.P.R. para garantizar el funcionamiento y la seguridad de sus recintos universitarios, y también sobre los

contornos del derecho de los estudiantes universitarios a ejercer su derecho a la libertad de expresión y asociación. En el pasado, hemos atendido estos temas en el contexto de un caso y controversia real y vigente. Véase, Sánchez Carambot v. Dir. Col. Univ. Humacao, 113 D.P.R. 153 (1982). La Constitución no nos faculta para embarcarnos ahora en un análisis abstracto de estos asuntos.

IV

Por los fundamentos que preceden, se dictará Sentencia en la que se dejará sin efecto la orden emitida por el Tribunal de Primera Instancia, Sala de San Juan, y se devolverá el caso a ese foro para que desestime la demanda, por haberse tornado académica la controversia en autos.


Rafael L. Martínez Torres
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fernando Moreno Orama y Jorge Farinacci Fernós<br><br>Recurridos<br><br>v.<br><br>José R. de la Torre, Presidente de la Universidad de Puerto Rico; Universidad de Puerto Rico; José Figueroa Sancha, Superintendente de la Policía de Puerto Rico; Policía de Puerto Rico; Ana R. Guadalupe, Rectora Interina del Recinto de Río Piedras; Kenneth McClintock Hernández, Secretario de Estado<br><br>Peticionarios | CT-2010-003 |

SENTENCIA

En San Juan, Puerto Rico, a 10 de mayo de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se deja sin efecto la orden emitida por el Tribunal de Primera Instancia, Sala de San Juan, y se devuelve el caso a ese foro para que desestime la demanda, por haberse tornado académica la controversia en autos.

Publíquese y notifíquese de inmediato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez y la Jueza Asociada señora Fiol Matta no intervinieron. El Juez Presidente señor Hernández Denton inhibido.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo